1  DAVID CHIU, State Bar #189542
   City Attorney
2  JONATHAN C. ROLNICK, State Bar #151814
   Chief Labor Attorney
3  ROBERT ROGOYSKI, State Bar #302472
   Deputy City Attorney
4  Fox Plaza
   1390 Market Street, 5th Floor
5  San Francisco, California 94102-5408
   Telephone:    (415) 554-3313
6  E-Mail:       robert.rogoyskil@sfcityatty.org

7
   Attorneys for Defendant
8  CITY AND COUNTY OF SAN FRANCISCO

9

10                    UNITED STATES DISTRICT COURT

11                 NORTHERN DISTRICT OF CALIFORNIA

12

13  MECHIEL TAYLOR,                        Case No. 4:23-cv-04121-DMR

14         Plaintiff,                      **NOTICE OF MOTION AND MEMORANDUM
                                           OF POINTS AND AUTHORITIES IN
15     vs.                                 SUPPORT OF DEFENDANT'S MOTION TO
                                           DISMISS FOR MISJOINDER AND MOTION
16  SAN FRANCISCO SHERIFF'S                TO DISMISS ALL CLAIMS AGAINST CCSF
    DEPARTMENT, FIVE KEYS CHARTER          AND NOMINAL DEFENDANT SFSO IN THE
17  SCHOOLS, FIVE KEYS SCHOOLS AND         FIRST AMENDED COMPLAINT**
    PROGRAMS, COUNTY OF ALAMEDA,
18  UNITED EDUCATORS OF SAN                Hearing Date:    **December 28, 2023**
    FRANCISCO, CITY AND COUNTY OF          Time:            1:00 p.m.
19  SAN FRANCISCO, GREGORY AHERN,          Judge:           Chief Magistrate Judge
    DEPUTY NICOLE ALLEN, CAPTAIN                            Donna M. Ryu
20  DANIEL BRODIE, ALAMEDA COUNTY          Location:        Zoom or by Phone
    SHERIFF'S OFFICE, STEVE GOOD, LISA
21  HAYNES, MARY VIGIL, MELANIE
    FUKUHARA, MATTHEW MILTON,
22  SUPERIOR COURT OF CALIFORNIA,
    CONTRA COSTA COUNTY, CITY OF SAN       Complaint Filed:  August 14, 2023
23  RAMON AND STATE OF CALIFORNIA,         FAC Filed:        October 23, 2023
                                           Trial Date:       None Set
           Defendants.
24

25

26

27

28

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................3

NOTICE OF MOTION AND MOTION ...........................................................................6

MEMORANDUM OF POINTS AND AUTHORITIES ....................................................7

INTRODUCTION AND STATEMENT OF ISSUES TO BE DECIDED .......................7

RELEVANT FACTS .........................................................................................................8

LEGAL STANDARDS ....................................................................................................10

ARGUMENT ...................................................................................................................11

I.      The "San Francisco Sheriff's Department" Should Be Dismissed Because The San Francisco Sheriff's Office Is Not A Separate Entity ......................................11

II.     CCSF Should Be Dismissed Because CCSF Is Not Plaintiff's Employer, And Five Keys And UESF Do Not "Work For" CCSF................................................12

III.    None Of Plaintiff's Allegations State A Claim Against CCSF ...........................13

         A.     Plaintiff's State Law Claim For Invasion Of Privacy Should Be Dismissed Because This State Common Law Claim Cannot Be Brought Against A Government Entity And Plaintiff Failed To File A Government Claim....................................................................................13

         B.     Plaintiff Fails To State A First Amendment Claim Against CCSF ...........15

         C.     Plaintiff Fails To State A Fourteenth Amendment Claim Against CCSF .16

         D.     Plaintiff Fails To State A Title VII Claim Against CCSF ........................17

         E.     Plaintiff Fails To State A Title IX Claim Against CCSF..........................19

CONCLUSION................................................................................................................20

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Ahmed v. Cnty. of Santa Clara*
2021 WL 2139098, at *3 (N.D. Cal. May 26, 2021) .................................................14

*Albrecht v. Lund*
(9th Cir. 1988) 845 F.2d 193, 195 ..........................................................................11

*Ashcroft v. Iqbal*
*(2009) 556 U.S. 662* ..........................................................................................7, 11, 12

*Barren v. Harrington*
(9th Cir.1998) 152 F.3d 1193 ...................................................................................16

*Bell Atlantic Corp. v. Twombly*
(2007) 550 U.S. 544 ...........................................................................................7, 12

*Bohrer v. County of San Diego*
(Ct. App. 1980) 104 Cal.App.3d 155 .......................................................................14

*Bolla v. McClain*
(9th Cir. 2012) 469 F. App'x 531 .............................................................................20

*Castro v. Cnty. of L.A.*
(9th Cir. 2016) 833 F.3d 1060 .................................................................................15

*City of San Jose v. Superior Court*
(1974) 12 Cal.3d 447 ..............................................................................................14

*Clouthier v. Cnty. of Contra Costa*
(9th Cir. 2010) 591 F.3d 1232 .................................................................................15

*Davis v. Team Elec. Co.*
(9th Cir. 2008) 520 F.3d 1080 .................................................................................19

*Gebser v. Lago Vista Independent School District*
(1998) 524 U.S. 274 ...............................................................................................20

*Gong v. City of Rosemead*
(Ct. App. 2014) 226 Cal.App.4th 363 .......................................................................14

*Hervey v. Estes*
(9th Cir. 1995) 65 F.3d 784 ....................................................................................11

*In re Gilead Scis. Sec. Litig.*
(9th Cir. 2008) 536 F.3d 1049 .................................................................................11

*Jackson v. Applied Materials Corp.,*
2020 WL 9549550, at *2 (N.D. Cal. Sep. 8, 2020) ...................................................18

*Johnson v. Riverside Healthcare Sys., LP*
(9th Cir. 2008) 534 F.3d 1116 ...................................................................11

*Le Mere v. Los Angeles Unified School Dist.*
(Ct. App. 2019) 35 Cal.App.5th 237.........................................................14

*Lozada v. City & County. of San Francisco*
(Ct. App. 2006) 145 Cal.App.4th 1139......................................................14

*Mansourian v. Regents of Univ. of California*
(9th Cir. 2010) 602 F.3d 957 ....................................................................20

*McCarthy v. Brennan*
2016 WL 946099, at *5 (N.D. Cal. Mar. 14, 2016)..................................18

*Mendocino Envtl. Ctr. v. Mendocino Cty.*
(9th Cir. 1999) 192 F.3d 1283 .............................................................15, 16

*Miklosy v. Regents of Univ. of Cal.*
(2008) 44 Cal.4th 876 ................................................................................13

*Monell v. Dep't of Soc. Servs. of City of N.Y.*
(1978) 436 U.S. 658.............................................................................15, 16

*Olson v. Palm Drive Hosp.*,
2012 WL 440559 at *2 (N.D. Cal. Feb. 10, 2012) ...................................14

*Oona, R.–S. v. McCaffrey*
(9th Cir.1998) 143 F.3d 473 ......................................................................20

*Rankin v. McPherson*
(1987)483 U.S. 378.....................................................................................16

*Scott v. Perry*
(9th Cir.1978) 569 F.2d 1064 ....................................................................17

*Sheppard & David Evans & Assoc.*
(9th Cir. 2012) 694 F.3d 1045 ...................................................................18

*Somers v. Apple, Inc.*
(9th Cir. 2013) 729 F.3d 953 .....................................................................10

*State v. Superior Ct. (Bodde)*
(2004) 32 Ca1.4th 1234 ..............................................................................14

*Tharpe v. Diablo Valley College*
2012 WL 629138, at *3 (N.D. Cal. Feb. 27, 2012) ..................................18

*Trent v. Valley Elec. Ass'n Inc.*
(9th Cir. 1994) 41 F.3d 524 .......................................................................19

*Wagda v. Town of Danville*
    2016 WL 6160160, at *5 (N.D. Cal. Oct. 24, 2016)..................................................16

*Xing Xing Lin v. Potter*
    2011 WL 1522382, at *11 (N.D. Cal. Apr. 21, 2011) ...............................................11

**Statutes**
20 U.S.C. § 1681 ..............................................................................................................18

42 U.S.C. § 1983 ..............................................................................................................15

42 U.S.C. § 2000 ..............................................................................................................16

California Government Code § 815 ..................................................................................12

California Government Code § 905 .............................................................................13, 16

Federal Rules of Civil Procedure, Rule 8 .........................................................................9

Federal Rules of Civil Procedure, Rule 12 ..............................................................6, 9, 12

Federal Rules of Civil Procedure, Rule 21 .................................................................6, 11

1

**NOTICE OF MOTION AND MOTION**

2

TO PLAINTIFF MECHIEL TAYLOR, PRO SE:

3

PLEASE TAKE NOTICE that on December 28, 2023, at 1:00 p.m., or as soon thereafter as the

4

matter may be heard, before Magistrate Judge Ryu, Defendant City and County of San Francisco will,

5

and hereby does, move pursuant to the Court's inherent power and Federal Rule 21 to dismiss

6

Defendant City and County of San Francisco and nominal Defendant San Francisco Sheriff's Office

7

from this matter for misjoinder, and further moves pursuant to Federal Rule 12(b)(6) and the Court's

8

inherent power to Dismiss the all claims in the First Amended Complaint asserted against the City and

9

County of San Francisco and nominal defendant San Francisco Sherriff's Office in this action.

10

11

12

13

Dated:  November 14, 2023

14

DAVID CHIU
City Attorney

15

JONATHAN C. ROLNICK
Chief Labor Attorney

16

ROBERT ROGOYSKI
Deputy City Attorney

17

18

By: _/s/ Robert Rogoyski_____
ROBERT ROGOYSKI

19

20

Attorney for Defendant
CITY AND COUNTY OF SAN FRANCISCO

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION AND STATEMENT OF ISSUES TO BE DECIDED

Pro se Plaintiff Mechiel Taylor alleges her employer is Five Keys Schools and Programs, aka "San Francisco Sheriff's Department Five Keys Charter School dba Five Keys School and Programs" ("Five Keys"), and that she has worked as a teacher for Five Keys in the Santa Rita Jail, located in Alameda County, since 2016.  Plaintiff also erroneously believes that the City and County of San Francisco (CCSF) and the San Francisco Sheriff's Office (SFSO) are her employers for her work in the Santa Rita Jail, or that they somehow control Five Keys and other persons and entities named in her lawsuit.  Plaintiff is mistaken.  Although Five Keys started out as a program at SFSO, it has been independent from CCSF as a separate 501(c)(3) non-profit since at least 2005.  And SFSO is not an independent entity subject to suit – it is a Department of CCSF.  Accordingly, all causes of action against CCSF and its constituent department – nominal defendant SFSO – are subject to dismissal under both Federal Rule of Civil Procedure 21 for misjoinder, and under Rule 12(b)(6) for failure to state facts showing a plausible right to relief.  *Ashcroft v. Iqbal,* 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

Specifically, Plaintiff's claims against CCSF and nominal defendant SFSO are subject to dismissal for the following reasons:

(1)     SFSO is not a separate legal entity from CCSF and should be dismissed as a defendant because Plaintiff has effectively named CCSF as a defendant twice.

(2)     CCSF and nominal defendant SFSO should be dismissed from this lawsuit based on misjoinder under Federal Rule of Civil Procedure 21, and under Federal Rule 12(b)(6) because CCSF's evidence in support of this motion, judicially-noticeable facts, and Plaintiff's incorporation by reference of the contract between Five Keys and Alameda County all conclusively demonstrate that CCSF has no connection to Plaintiff's alleged harms in Alameda County.

(3)     Plaintiff's common law claim for invasion of privacy should be dismissed against CCSF and nominal defendant SFSO because California government entities are immune to common law tort claims and Plaintiff failed to file a government claim with CCSF in accordance with California's Government Claims Act, Cal. Gov't Code §§ 905 *et seq.*

(4)     Plaintiff's Section 1983 claims against CCSF and nominal defendant SFSO asserting rights under the First and Fourteenth Amendments are subject to dismissal because Plaintiff's conclusory allegations fail to demonstrate a plausible right to relief and Plaintiff fails to plead the elements of these claims.

(5)     Plaintiff's claim against CCSF and nominal defendant SFSO under Title VII is subject to dismissal because Plaintiff fails to plead administrative exhaustion with the Equal Employment Opportunity Commission (EEOC), because Plaintiff's allegations are too vague to determine the nature of the claim, and because Plaintiff conclusory statements fail to plead the necessary elements and sufficient facts to support a viable Title VII claim.

(6)     Plaintiff's claim against CCSF and nominal defendant SFSO under Title IX is subject to dismissal because Plaintiff's conclusory statements fail to plead the necessary elements and sufficient facts to support a viable Title IX claim, and if construed as relying on Plaintiff's Title VII allegations, fails for the same reasons as Plaintiff's Title VII claim.

## RELEVANT FACTS

The San Francisco Sheriff's Office is a Department of the City and County of San Francisco. Rogoyski Declaration ISO Motion To Dismiss ("Rogoyski Decl."), Exh. A, Declaration of Assistant Sheriff Carter ("Carter Decl.") ¶ 3; Request for Judicial Notice ("RJN") ¶ 1.  It is not a separate entity subject to suit.  *Id*.  A variety of laws empower the City and County of San Francisco to operate the Sheriff's Office.  For example, Article VI of the San Francisco Charter, Sections 6.100 and 6.105 establish that the Sheriff is an elected San Francisco City official and empower the Sheriff to appoint the Assistant Sheriff.  RJN ¶¶ 2-3.  SFSO's employees are civil service employees of CCSF whose hiring and termination are covered by CCSF rules and regulations.  Carter Decl. ¶ 3.

Plaintiff alleges that she has worked for Five Keys in the Santa Rita Jail in Alameda County since at least 2016.  *E.g.*, Compl. ¶¶ 6, 8, 24.  The allegations of her Complaint variously treat the "San Francisco Sheriff's Department" and "Five Keys" as being the same entity, and as being entities that worked for the City and County of San Francisco.  *E.g.*, Compl. ¶¶ 8, 20.  Her factual allegations relating alleged misconduct by Five Keys extend chronologically to December, 2022.  Compl. ¶ 83.

Five Keys started out as a program at SFSO, but it has been an independent 501(c)(3) entity since at least 2005.  Carter Decl. ¶ 4 & Exh. A; RJN Exh. A.  The SFSO does not operate Five Keys, and Five Keys is not a division or subunit of SFSO.  Carter Decl. ¶ 4.  The SFSO does not fund or operate Five Keys' educational activities in the Santa Rita Jail, and does not operate the Santa Rita Jail either.  As with all Counties, Alameda has its own duly elected County Sheriff.  *Id*. ¶ 5.  The SFSO does not operate any jails in Alameda County.  *Id*.  The SFSO has no records of employing Plaintiff or her supervisor at Five Keys in any capacity between 2016 and the present.  *Id*. at ¶ 6-7.  The SFSO does not hire any teachers in the Santa Rita Jail and has no input into or participation in the hiring of any staff at Five Keys or at the Santa Rita Jail.  *Id*. at ¶ 6.

Plaintiff also alleges that Alameda County signed a contract with Five Keys to provide educational services in the Santa Rita Jail in Alameda County.  Compl. ¶¶ 25-26.  The SFSO has no records of any contracts with the County of Alameda to provide educational services in the Santa Rita Jail with Five Keys or any other organization, and does not provide any such services in the Santa Rita Jail.  Carter Decl. ¶ 5.  Plaintiff's Complaint cites the contract as Master Contract No. 901435 and incorporates it by reference.  Compl. ¶ 26.  Five Keys' publicly-available contract No. 901435 for its work in the Santa Rita Jail, as well as official records of the Alameda County Board of Supervisors, demonstrate that Five Keys has contracted for such work directly with the Alameda County Sheriff's Office and the Alameda County Board of Supervisors – not CCSF.  RJN Exhs. B-E.

Plaintiff also alleges that the labor union United Educators of San Francisco (UESF) somehow worked for the City and County of San Francisco.  Compl. ¶ 20.  Neither UESF – which represents employees of the San Francisco Unified School District – nor the school district itself are Departments of CCSF.  Rogoyski Decl. Exh. B., Declaration of Ardis Graham ("Graham Decl.") ¶¶ 2-5; RJN ¶¶ 10-12.  The San Francisco Unified School District is a separate legal entity from CCSF, and UESF is not a union recognized by CCSF for labor negotiations involving CCSF employees.  Graham Decl. ¶¶ 3-5; RJN ¶¶ 10-12.

As against CCSF and nominal defendant SFSO, Plaintiff vaguely pleads that CCSF acted "in concert" with Five Keys, UESF, and the "other defendants" – without alleging how that is possible. Compl. ¶¶ 8, 18, 20.  Based upon her vague allegations that Five Keys and UESF are purportedly

1    "working for" CCSF in Alameda County, Plaintiff's First Amended Complaint attempts to plead

2    claims against CCSF and SFSO for "Deprivation of Rights – First Amendment" (Claim 1),

3    "Deprivation of Rights – Fourteenth Amendment" (Claim 3), a hostile work environment claim

4    labeled "Title VII of the Civil Rights Act" (Claim 4), a claim for denial of "access to

5    educational/personal development opportunities at Five Keys Schools" labeled "Title IX" (Claim 5),

6    and a claim for "Invasion of privacy by intrusion upon seclusion" (Claim 7).

7          Plaintiff pleads that she filed a government claim with Alameda County.  Compl. ¶ 73.

8    However, Plaintiff does not plead compliance with the Government Claims Act for her state law

9    claims against CCSF, and she did not in fact file a government claim with CCSF.  *See generally*

10   Compl.; RJN ¶ 9 and Exhibit F ¶ 5.  Plaintiff also does not plead that she filed a claim with the Equal

11   Employment Opportunity Commission regarding her Title VII claim.

12   **LEGAL STANDARDS**

13         Federal Rule of Civil Procedure 21 permits the Court to dismiss a misjoined defendant at any

14   time.  The provision states: "On motion or on its own, the court may at any time, on just terms, add or

15   drop a party.  The court may also sever any claim against a party."

16         Federal Rules of Civil Procedure ("FRCP"), Rule 8(a)(2) requires that a pleading present a

17   "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P.

18   8(a)(2).  FRCP Rule 8 "demands more than an unadorned, the-defendant-unlawfully harmed me

19   accusation…. A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the

20   elements of a cause of action will not do.' … Nor does a complaint suffice if it tenders 'naked

21   assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009);

22   *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,555 (2007).

23         A motion to dismiss pursuant to FRCP Rule 12(b)(6) "tests the legal sufficiency of a claim."

24   *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  "Dismissal under Rule 12(b)(6) is proper when

25   the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support

26   a cognizable legal theory." *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013).  In employment

27   discrimination cases, the plaintiff "must plead sufficient facts to state the elements of a prima facie

28   case of discrimination." *Xing Xing Lin v. Potter*, No. C 10-03757 LB, 2011 WL 1522382, at *11

(N.D. Cal. Apr. 21, 2011) (citing *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1122 (9th Cir. 2008)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged…. The [allegations must show] more than a sheer possibility that a defendant has acted unlawfully…. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (citations omitted). The court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citation and internal quotation marks omitted).

In ruling on a motion to dismiss, the court must also consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2009). Further, "leave to amend may be denied . . . if amendment of the complaint would be futile." *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988).

## ARGUMENT

### I. The "San Francisco Sheriff's Department" Should Be Dismissed Because The San Francisco Sheriff's Office Is Not A Separate Entity

Plaintiff names the "San Francisco Sheriff's Department" as a separate defendant in this lawsuit. However, the SFSO is not a separate legal entity subject to suit. The Sheriff is an elected official of the City and County of San Francisco; the Department's employees are Civil Service employees of the City and County of San Francisco. Carter Decl. ¶ 3; RJN ¶¶ 1-3. Accordingly, nominal defendant "San Francisco Sheriff's Department" should be dismissed under FRCP 21 in the interests of justice because Plaintiff has effectively named the City as a defendant twice. Likewise, dismissal under Rule 12(b)(6) is proper because, as a matter of law, the SFSO is the same legal entity as CCSF. *See Hervey v. Estes*, 65 F.3d 784, 792 (9th Cir. 1995), *as amended on denial of reh'g* (Dec.

5, 1995) (1983 claim against government organization improper because it was not a separate legal

entity).

## II.   CCSF Should Be Dismissed Because CCSF Is Not Plaintiff's Employer, And Five Keys And UESF Do Not "Work For" CCSF

Plaintiff's beliefs that she was employed by the City and County of San Francisco, and that

CCSF somehow acted "in concert" with independent entities operating in Alameda County, are

mistaken.  As an initial matter, Plaintiff does not plead any non-conclusory facts connecting CCSF to

any of her allegations.  She simply alleges the factual conclusions that CCSF acted "in concert" with

other defendants, and alleges that Five Keys and UESF "worked for" CCSF.  *E.g.*, Compl. ¶¶ 8, 20.

But there are no facts alleged that support any plausible connection in Alameda County between CCSF

and Five Keys, which is a 501(c)(3), or UESF, which is a labor union for teachers who are not

employed by CCSF – or any other defendant.  These are exactly the type of unwarranted labels and

conclusions that *Iqbal* and *Twombly* reject.  *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555.

Plaintiff's allegations are not only conclusory, they are false.  The facts recited above in the

"Relevant Facts" Section , *supra*, and in CCSF's papers in support of this Motion definitively establish

that CCSF has no plausible liability or involvement in her claims.  Stated briefly: Plaintiff has never

been an employee of SFSO, Plaintiff's supervisor is not an employee of SFSO, and SFSO has no

involvement in Five Keys' activities in the Santa Rita Jail in Alameda County.  RJN ¶¶ 1-4 & Exh. A;

*see generally* Carter Decl.  Five Keys has been an independent 501(c)(3) since at least 2005.  RJN ¶ 4

and Exhibit A; Carter Decl. ¶ 4.  Five Key's public contracts for its activities in the Santa Rita Jail and

related public records demonstrate that Five Keys has transacted directly with the Alameda County

Board of Supervisors and officials at the Alameda County Sheriff's Office for Five Keys' activities in

Alameda County.  RJN Exhs. B-E.  And the UESF labor union is not a Department of CCSF, does not

work for CCSF or with CCSF on employee labor issues – it does not even represent CCSF employees.

Graham Decl. ¶¶ 2-5; RJN ¶¶ 10-12.

Accordingly, CCSF requests that the Court dismiss CCSF from this action pursuant Federal

Rule of Civil Procedure 21 in the interests of justice.  CCSF should not bear the burden and expense of

being a participant in this litigation where it played no role in circumstances giving rise to Plaintiff's alleged claims, and has no possible liability for Plaintiff's alleged harms.

For the same reason, all claims against CCSF should be dismissed under Federal Rule of Civil Procedure 12(b)(6) based on judicially-noticeable facts and Plaintiff's incorporation by reference of the contract between Five Keys at Alameda County to provide educational services in the Santa Rita Jail. These facts demonstrate that Five Keys is an independent non-profit entity transacting business directly with Alameda County, and that CCSF does not employ Plaintiff or her supervisor, or anyone else in the Santa Rita Jail in Alameda County, and further that UESF is an independent labor union that does not "work for" CCSF. *Tellabs, Inc.*, 551 U.S. at 322 (motion to dismiss may be granted based on incorporated documents and judicial notice).

Plaintiff's claims against CCSF are solely based upon her mistaken belief regarding CCSF's alleged connection to Five Keys and UESF. Judicially noticeable records conclusively establish the lack of *any* nexus between CCSF and Plaintiff's employment with Five Keys in Alameda County; thus, amendment would be futile. Accordingly, CCSF's motions should be granted without leave to amend.

### III. None Of Plaintiff's Allegations State A Claim Against CCSF

#### A. Plaintiff's State Law Claim For Invasion Of Privacy Should Be Dismissed Because This State Common Law Claim Cannot Be Brought Against A Government Entity And Plaintiff Failed To File A Government Claim

Plaintiff pleads a state common law claim for "Invasion of privacy by intrusion upon seclusion" (Claim 7) against CCSF. This claim fails as a matter of law because government entities in California are immune to common law tort claims. California Government Code section 815 "abolishes common law tort liability for public entities." *Miklosy v. Regents of Univ. of Cal.*, 44 Cal.4th 876, 899 (2008); *see* Cal. Gov't Code § 815(a) ("Except as otherwise provided by statute: (a) A public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person.").

Plaintiff's invasion of privacy claim also fails because Plaintiff did not plead that she had filed a Government Claim for her state law claims against CCSF (*see generally*, Compl.), and did not in fact file one. RJN Exh. F ¶ 5. Section 905 of the Government Claims Act provides that, with certain

specified exceptions not applicable here, "all claims for money or damages against local public entities" must be presented in accordance with the claim presentation statutes.  Cal. Gov't Code § 905 *et seq.*; *Lozada v. City & County. of San Francisco* 145 Cal.App.4th 1139, 1150–51 (Ct. App. 2006); *see also City of San Jose v. Superior Court* 12 Cal.3d 447, 454 (1974) ("Compliance with the claims statute is mandatory and failure to file a claim is fatal to the cause of action").  Plaintiffs have the burden of pleading and proving compliance with claim presentation requirements.  *State v. Superior Ct.* (*Bodde*), 32 Ca1.4th 1234, 1241 n.8 (2004), *citing Bohrer v. County of San Diego* 104 Cal.App.3d 155, 160 (Ct. App. 1980).  Further, the Court may take judicial notice of Plaintiff's failure to file a government claim.  *Gong v. City of Rosemead* 226 Cal.App.4th 363, 376 (Ct. App. 2014).

The same rules apply in federal court: where a plaintiff has brought suit against a public entity and "seeks damages as relief" for the public entity's alleged violations, "to sufficiently state a claim … [plaintiff] "must 'allege facts demonstrating or excusing compliance' with the claim presentation requirement." *Olson v. Palm Drive Hosp.*, No. C-11-4606 MMC, 2012 WL 440559 at *2 (N.D. Cal. Feb. 10, 2012)(*citing Bodde*, 32 Cal. 4th at 1239).  And the Court may take judicial notice of Plaintiff's failure to file such a claim. *See Tellabs, Inc.*, 551 U.S. at 322 (judicial notice proper on motion to dismiss); *Ahmed v. Cnty. of Santa Clara*, No. 20-CV-05498-LHK, 2021 WL 2139098, at *3 (N.D. Cal. May 26, 2021) (taking judicial notice of plaintiffs' government claim under Federal Rule of Evidence 201(b) because "[p]ublic records are proper subjects of judicial notice").

Plaintiff pleads that she filed a government claim with Alameda County.  Compl. ¶ 73.  But Plaintiff's failure to file a government claim and plead compliance with that requirement for her claims *against CCSF* bars this cause of action.  Further, the motion should be granted without leave to amend because Plaintiff cannot now cure her failure to file a claim.  Plaintiff has no allegations of wrongdoing by CCSF *per se*.  Given Plaintiff's allegations of misconduct *by Five Keys* ending in December of 2022, it is no longer possible for Plaintiff to file a Government Claim against CCSF within the six-month claim presentation deadline, and Plaintiff cannot file a claim after she has already filed suit.  *See Albrecht*, 845 F.2d at 195 ("leave to amend may be denied . . . if amendment of the complaint would be futile"); *Le Mere v. Los Angeles Unified School Dist.* 35 Cal.App.5th 237, 247 (Ct. App. 2019) ("Filing a government claim while simultaneously attempting to prosecute a cause of

action based on that claim, as plaintiff did here, does not satisfy the purpose of the Government Claims Act, which is to give the public entity the opportunity to investigate and settle the claim without the cost of litigation.").

### B.      Plaintiff Fails To State A First Amendment Claim Against CCSF

Plaintiff attempts to assert a First Amendment Claim against CCSF via Section 1983.  This claim fails for the following reasons.

First, as explained above, SFSO is not a proper defendant, and Five Keys and its employees are not part of CCSF.  Plaintiff separately asserts this claim against CCSF, but does not identify any individual defendant employee of CCSF.  As a municipality, CCSF can only be liable under section 1983 when its own illegal acts are a "moving force" in the constitutional violation.  *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 693–94 (1978).  A plaintiff may assert *Monell* liability on one of three grounds: (1) a longstanding practice or custom, which constitutes the "standard operating procedure" of the local government entity; (2) omissions or failures to act that amount to a local government policy of deliberate indifference to constitutional rights; or (3) a local government official with final policy-making authority ratifies a subordinate's unconstitutional conduct.  *Clouthier v. Cnty. of Contra Costa*, 591 F.3d 1232, 1249–50 (9th Cir. 2010), *overruled on other grounds by Castro v. Cnty. of L.A.*, 833 F.3d 1060, 1070 (9th Cir. 2016).  As against CCSF, Plaintiff does not make any allegations about CCSF policy, or ratification by a senior CCSF official.  Plaintiff makes the demonstrably false allegation that Five Keys and UESF "worked for" CCSF in some unstated capacity.  This is both inadequate as a pleading matter, and inadequate as legal matter because a municipality cannot be held liable under Section 1983 on a *respondeat superior* theory alone.  *Monell*, 436 U.S. at 693-694.

The claim also fails because Plaintiff does not allege adequate facts pertaining to her speech.  Plaintiff must show that a defendant "by his actions ... deterred or chilled the plaintiff's political speech and such deterrence was a substantial or motivating factor in the defendant's conduct."  *Mendocino Envtl. Ctr. v. Mendocino Cty.*, 192 F.3d 1283, 1300 (9th Cir. 1999).  This requires a "demonstration that defendants intended to interfere" with a plaintiff's First Amendment rights.  *Id.*  But, disparaging verbal comments that amount to "berating and shaming [are] not ... cognizable as a

First Amendment violation."  *Wagda v. Town of Danville*, No. 16-CV-00488-MMC, 2016 WL 6160160, at *5 (N.D. Cal. Oct. 24, 2016.  More broadly, difficult conversations are not First Amendment violations.

Plaintiff does not allege any intent or conduct suggesting an intent to interfere with her First Amendment rights.  First Amendment claims also depend on a balancing test, and a threshold question is whether the employee's speech may be fairly characterized as constituting speech on a matter of public concern.  *Rankin v. McPherson*, 483 U.S. 378, 383 (1987).  Here, the Complaint does not state precisely what language Plaintiff felt she was not free to express.  Instead, she pleads that Five Keys "deprived Plaintiff of [her] right to free speech by restricting access to coworkers through isolation and deactivation of work email account."  Compl. ¶ 51.  This is insufficient to state a restriction on particular speech.  And without more, the routine act of a non-profit entity deactivating an employee's work email account while she was admittedly on extended medical leave (Compl. ¶¶ 31, 61) does not plausibly implicate First Amendment concerns because there is no allegation that Defendant's conduct has prevented or chilled her from continuing to exercise such rights.  *See Mendocino*, 192 F.3d at 1300.

Accordingly, Plaintiff's Section 1983 claim against CCSF should be dismissed.

### C.    Plaintiff Fails To State A Fourteenth Amendment Claim Against CCSF

Plaintiff attempts to assert a Fourteenth Amendment Claim against CCSF via Section 1983. This claim fails for the following reasons.

*First*, as explained above, SFSO is not an independent entity, Five Keys and UESF are not part of CCSF, and Plaintiff's attempt to bring a *Monell* claim against CCSF otherwise fails because she does not allege the elements required for a *Monell* claim against a municipality or a viable theory of direct liability.

*Second*, Plaintiff fails to plead adequate facts to support a Fourteenth Amendment claim.  "To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class."  *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir.1998), *cert. denied*, 525 U.S. 1154 (1999).  Plaintiff does not allege facts showing

an *intent or purpose to discriminate* on the basis of a protected class as a result of some policy implemented by CCSF.  She does not plead any CCSF policy.  And the claim she pleads is retaliation – apparently that she suffered retaliation as a consequence for "filing a complaint" against an Alameda County law enforcement officer.  Compl. ¶ 95.  Retaliation for filing a complaint does not state an Equal Protection claim, and how her complaint in Alameda County could be connected to any action by CCSF – a separate City and County – is not alleged.

Elsewhere in the Complaint, Plaintiff states she "believes she was excluded from SF Sheriff's Department and Five Keys' policy for being a black woman who reported about another black woman."  Compl. ¶ 47.  This allegation cannot be parsed as written – the policy that she is referring to or excluded from, and how she might have been excluded from it, cannot be determined.  And the Complaint does not state how being a black woman who "reported about another black woman" is causally connected to a policy, intent, or action by CCSF.  And, more basically, Plaintiff's personal belief is not a relevant fact.

Accordingly, Plaintiff's Fourteenth Amendment Claim should be dismissed for failure to state a claim.

### D.   Plaintiff Fails To State A Title VII Claim Against CCSF

Plaintiff's Title VII claim should be dismissed for the following reasons.

*First*, Plaintiff failed to plead compliance with the mandatory requirement that she file a complaint with the Equal Employment Opportunity Commission and receive a right to sue notice prior to bringing suit.  *Scott v. Perry*, 569 F.2d 1064, 1065 (9th Cir. 1978); 42 U.S.C. § 2000e–5(f)(1).

*Second*, Plaintiff fails to plead the necessary elements in a Title VII claim.  Plaintiff's claim is vague – it does not state whether it is based on a discrimination theory, a retaliation theory, or something else.  This alone is sufficient to dismiss the claim.  But even if it is construed as a discrimination claim or a retaliation claim based on the facts of the Complaint, it fails either way.

Construed as a discrimination claim, under Title VII it is "an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's race . . ."  42. U.S.C. § 2000e-2(a)(1).  "To state a claim of race

discrimination, a plaintiff must allege facts sufficient to plausibly show: (1) Plaintiff is a member of a protected class (race, gender, national origin, etc.); (2) Plaintiff was qualified for the position sought or was competently performing in the position held (i.e., satisfying the employer's legitimate expectations); (3) Plaintiff suffered an adverse employment action (refusal to hire or promote, demotion, discharge, etc.); and (4) The action occurred under circumstances suggesting a discriminatory motive (e.g., persons outside the protected class having equal or lesser qualifications were given more favorable treatment)." *Jackson v. Applied Materials Corp.*, No. 20-CV-06007-VKD, 2020 WL 9549550, at *2 (N.D. Cal. Sep. 8, 2020 (*citing McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 n.13 (1973)).

Plaintiff states that she is employed, but does not allege that she was performing her job adequately (element 2).  *McCarthy v. Brennan*, No. 15-CV-03308-JSC, 2016 WL 946099, at *5 (N.D. Cal. Mar. 14, 2016 ("As to the second element, Plaintiff does not affirmatively allege that he performed his job adequately, which is how courts often deem this element satisfied" (*citing Sheppard & David Evans & Assoc.*, 694 F.3d 1045, 1049-1050 (9th Cir. 2012)).

Plaintiff does not plead that CCSF subjected her to an adverse employment action (element 3). Instead, she pleads that she voluntarily took extended FMLA leave and then a voluntary leave of absence for mental health reasons based on actions by an Alameda County deputy sheriff.  Compl. ¶¶ 30-31, 60-61.  Plaintiff vaguely pleads that Five Keys "deprived the Plaintiff salary."  Compl. ¶¶ 49-50.  But even taking as true Plaintiff's allegations that Five Keys is somehow part of SFSO (which it is not), this appears to be an allegation that Plaintiff could not work for salary while on medical leave – i.e. that Plaintiff was damaged.  It cannot reasonably be construed as an allegation that she suffered an adverse action for discriminatory reasons.  And, relatedly, Plaintiff does not plead causation based on a protected characteristic – i.e. that some adverse employment action occurred *because of* her protected characteristic (element 4).  Plaintiff was required, at a minimum, to allege "the reasons [she] believes [the alleged adverse action] was racially-motivated."  *Tharpe v. Diablo Valley College*, No. C 11–02624 SBA, 2012 WL 629138, at *3 (N.D. Cal. Feb. 27, 2012).

If Plaintiff's allegations are construed as a retaliation claim under Title VII, it still fails.  To establish a prima facie case of retaliatory conduct, Plaintiff must show that: (1) she engaged in a

protected activity; (2) she suffered an adverse employment action; and (3) there is a causal connection between the protected activity and the adverse employment action.  *Davis v. Team Elec. Co.*, 520 F.3d 1080, 1093–94 (9th Cir. 2008) (citation omitted).  Plaintiff does not satisfy any of these elements.

An individual engages in protected activity under Title VII when the individual has a "reasonable belief" that the employment practice being opposed is prohibited under Title VII.  *Trent v. Valley Elec. Ass'n Inc.*, 41 F.3d 524, 526 (9th Cir. 1994).  Here, Plaintiff does not plead she opposed an employment practice. Instead, she pleads that she filed a complaint for "Abuse and Stalking" against an Alameda County deputy sheriff with the Alameda County Sheriff's Office, and notified that entity that she filed a restraining order against the same individual.  Compl. ¶¶ 27-31, 52.  In other words, she merely notified the Alameda County Sheriff's Office of her personal dispute with the individual deputy.

As explained above, Plaintiff also does not allege that she suffered an adverse employment action (element 2), or that an adverse employment action occurred because of a protected activity (element 3).  Liberally construed, Plaintiff appears to believe that Five Keys did not credit her allegations against the deputy sheriff, and that as a result Plaintiff did not feel safe returning to work or safe in her home.  *See* Compl. ¶ 50.  These allegations do not state a Title VII retaliation claim.

Accordingly, Plaintiff's Title VII claim against CCSF should be dismissed.

### E.    Plaintiff Fails To State A Title IX Claim Against CCSF

Plaintiff also asserts a briefly-stated Title IX claim alleging that a "Defendants' failure to investigate Plaintiff's … complaint [about an Alameda County deputy sheriff] …subjected Plaintiff to … a hostile environment … effectively denying Plaintiff access to educational/personal development opportunities at the Santa Rita Jail."  Compl. ¶¶ 102-104.  This claim fails for multiple reasons.  Title IX provides that "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance."  20 U.S.C. § 1681(a).  Plaintiff does not plead that she was denied any benefits on the basis of sex, and does not plead that the underlying harassment was on the basis of sex.  Instead, Plaintiff appears to plead an interpersonal dispute with a

female Alameda County deputy sheriff that allegedly resulted in stalking by that deputy.  Compl. ¶¶ 27-31.

Plaintiff does not plead that CCSF was operating any Federally-funded educational program that she participated in – Plaintiff pleads that she worked for Five Keys in Alameda County.  Compl. ¶¶ 8, 24.  Plaintiff does not plead any plausible connection between CCSF and the incidents underlying her lawsuit, and in particular does not plead that CCSF had actual notice of her complaints against the Alameda County deputy sheriff, or any obligation to investigate such complaints.  Plaintiff pleads that Five Keys "worked for" CCSF, but CCSF cannot be held liable under Title IX on a *respondeat superior* theory as a matter of law.  *Mansourian v. Regents of Univ. of California*, 602 F.3d 957, 966-967 (9th Cir. 2010), *citing Gebser v. Lago Vista Independent School District*, 524 U.S. 274 (1998).

Plaintiff's attempt to plead under Title IX also fails because courts "look to Title VII standards to resolve claims brought under Title IX."  *Bolla v. McClain*, 469 F. App'x 531, 532 (9th Cir. 2012) (applying Title VII retaliation analysis to Title IX claim), citing *Oona, R.–S. v. McCaffrey*, 143 F.3d 473, 476–77 (9th Cir.1998) (applying Title VII standards to Title IX hostile environment claim).  Thus, even if Plaintiff were to argue that her vague allegations could be construed as a Title IX retaliation claim, that claim would fail for the reasons stated in Section III-D above.

Accordingly, Plaintiff's Title IX claim should be dismissed against CCSF.

### CONCLUSION

For the foregoing reasons, Defendant CCSF and nominal defendant SFSO respectfully request that the Court dismiss all claims against CCSF and nominal defendant SFSO under Federal Rule 21 and Rule 12(b)(6).

Dated:  November 14, 2023

DAVID CHIU
City Attorney
JONATHAN C. ROLNICK
Chief Labor Attorney

1

ROBERT ROGOYSKI
Deputy City Attorney

2

3

By: _/s/ Robert Rogoyski_____
ROBERT ROGOYSKI

4

Attorney for Defendant
CITY AND COUNTY OF SAN FRANCISCO

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28